United States Court of Appeals,

Fifth Circuit.

No. 94-50524.

James Duke CREEL, Plaintiff-Appellant,

v.

Jack KYLE, Chairman of the Parole Board, Defendant-Appellee.

Jan. 24, 1995.

Appeal from the United States District Court for the Western District of Texas.

Before REAVLEY, DUHÉ and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

James Duke Creel (Creel), a prisoner at the Texas Department of Criminal Justice—Institutional Division (TDCJ), filed a 42 U.S.C. § 1983 complaint alleging that his parole review hearings have been conducted in violation of the *Ex Post Facto* Clause of the United States Constitution. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d). We affirm.

FACTS

Creel was convicted of murder in October 1971, and was given a life sentence. He became eligible for parole in 1981 and has remained eligible for parole to the present time. TEX.CODE CRIM.PROC.ANN. art. 42.12 (West 1971). Creel received parole reviews on a yearly basis between 1981 and July 1994, and parole was denied each year. The parole board advised Creel in July 1994 that his next review would be conducted in three years.

Creel also alleged in his complaint that he had been approved for parole in 1990, but that approval was withdrawn as a result of

protests filed by individuals who lived in the town where Creel intended to reside upon release.

## ANALYSIS

Creel argues that his right to parole review is governed by the version of art. 42.12 that was in effect at the time of his conviction in 1971[1], under which he was entitled to annual parole reviews. He alleges that the parole board erroneously applied art. 42.18, enacted in 1987, which is delaying his release on parole. He believes that art. 42.18 differs from art. 42.12 in two relevant respects. Creel alleges that the former art. 42.12 required annual reviews while the current art. 42.18 allows the board to review eligible inmates only once every three years. Second, art. 42.18 provides for notice of a pending parole review to more people, thus increasing the likelihood of a protest being filed. Creel sought an order from the district court directing the defendants to stop applying the amended statute to him because it violated his rights under the *Ex Post Facto* Clause of the United States Constitution.

## TIMING OF PAROLE REVIEWS

As to the first issue, Creel is simply wrong concerning both the old and new parole review provisions. In 1971, the pertinent section of art. 42.12 provided:

> [w]ithin one year after a prisoner's admittance to the penal or correctional institution and at such intervals thereafter, as it may determine, the [Parole] Board shall secure and consider all pertinent information regarding each prisoner,

[1]The record does not reveal Creel's offense date. We assume that there were no relevant changes in the laws between his offense date and conviction date, and base our analysis on the changes made between 1971 and the present.

2

except any under sentence of death, including the circumstances of his offense, his previous social history and criminal record, his conduct, employment and attitude in prison, and the reports of such physical and mental examinations as have been made. Art. 42.12, § 15(e).

The legislative history of art. 42.12 reflects that § 15(e) was deleted in 1985, but it does not state that it was replaced by art. 42.18.[2] While art. 42.18 addresses adult parole proceedings, it makes no mention of the intervals between reviews for parole eligible individuals.

The Texas Administrative Code currently provides that a case reviewed by a parole panel for parole consideration may be denied a favorable parole action and "set for review on a future specific month and year." TEX.ADMIN.CODE tit. 37 § 145.12 (1994). If a parole panel receives additional information on a case denied parole which it feels merits reconsideration prior to the scheduled review date, the case may be brought up to date for parole consideration and the board may resubmit it. TEX.ADMIN.CODE tit. 37 § 145.16 (1994).

The law in 1971 allowed the Board to review his case at whatever intervals were determined to be appropriate by the Board. At his most recent review, the Board gave him a three year set off (a denial of parole with the next review date in three years). However, if the Board receives information that it feels merits reconsideration prior to that review date, his case can be brought up early. The review provisions in the current Administrative Code

---

[2]Acts 1985, 69th Leg., ch. 427, § 1, deleted Art. 42.12, §§ 11a to 36 without reference to the amendments of various provisions contained therein.

are completely consistent with the statutory requirements in place at the time Creel was convicted. The district court did not err in dismissing this claim as frivolous.

NOTICE TO TRIAL OFFICIALS AND VICTIMS

Creel is correct in his assertion that the art. 42.18(8)(f) requires the Board to notify more people of a pending parole review than would have been required by law in 1971. Art. 42.18(8)(f) replaced art. 42.12(15)(f), and added the requirement that notice be sent to a victim that the perpetrator of the crime against him is being considered for parole. Section 15(h) of former art. 42.12 provided that notice of parole review should be given to the sheriff, district attorney, and the district judge in the county where the defendant was convicted. Although anyone can write to the Board to support or oppose an inmate's release on parole, art. 42.18(8)(f)(2), the new law, in effect, solicits protests against release. We assume for purposes of this analysis that Creel could establish that the Board applied art. 42.18(8)(f) to his case[3], and turn our attention to the question of whether Creel's claim that this change violated the *Ex Post Facto* Clause is frivolous as the district court determined.

A law is a violation of the *Ex Post Facto* Clause if it increases the punishment for a crime after its commission. *Beazell*

---

[3]Creel alleges in his complaint that he had been approved for parole by two members of the Board in 1990, but that the approval was withdrawn as a result of the protests filed by individuals who lived in the California town where he intended to reside upon release. He stated that he believed that these protests were filed as a result of the victims mounting a campaign of protests from that area.

*v. Ohio,* 269 U.S. 167, 169-70, 46 S.Ct. 68, 68-69, 70 L.Ed. 216 (1925). Creel argues that the notification of victims resulted in a denial of early parole and therefore increased his punishment. Under current law, as in 1971, crime victims can write protests to the Parole Board, which are available for consideration but are not binding on the Board. The only difference between the law in 1971 and art. 42.18(8)(f) is that a victim is now more likely to be aware of the timing of an inmate's parole eligibility.

The Supreme Court has held that procedural changes, even if they work to the disadvantage of a criminal defendant, do not violate the *Ex Post Facto* Clause. *Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). This change is, at most, a procedural change. The possibility that Creel's victims might have failed to protest his release if they had not been contacted by the Board is "not the sort of procedural protection that could reasonably be judged substantial from the perspective of the defendant at the time the offense was committed." *Id.* at 60, 110 S.Ct. at 2729 (Stevens, J., concurring). Creel's claim that the notification of victims of his impending parole review violated his rights under the *Ex Post Facto* Clause is frivolous.

## CONCLUSION

The district court's order dismissing this case as frivolous is AFFIRMED.