IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50433
Summary Calendar
_____

KENDALL M. ALLISON,

                                        Plaintiff-Appellant,

        versus

JACK KYLE, Chairman, Board of Pardons and Paroles;
MELINDA BOZARTH, Division Director, Texas Board
of Pardons and Paroles,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas

_____

(September 21, 1995)

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM:

    Plaintiff-appellant Kendall M. Allison (Allison), a Texas state prisoner proceeding *pro se* and *in forma pauperis* (IFP), filed this civil rights suit pursuant to 42 U.S.C. § 1983 against Jack Kyle, Chairman, Texas Board of Pardons and Paroles, and Melinda Bozarth, Division Director, Texas Board of Pardons and Paroles. Allison alleged that application of the 1987 and 1992 parole review procedures violated the Due Process Clause and that the change in rules governing the scheduling of parole reconsideration hearings

violated the Ex Post Facto Clause. Allison sought a declaratory judgment stating that he was being denied due process and an injunction ordering the defendants to review him for parole annually. He did not seek damages. A magistrate judge recommended dismissing Allison's suit, with prejudice, as frivolous pursuant to 28 U.S.C. § 1915(d). Allison objected to the magistrate judge's report and recommendation. Adopting the magistrate judge's report and recommendation, the district court dismissed Allison's suit pursuant to section 1915(d). Allison filed a timely notice of appeal.

A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(d); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). This Court reviews a section 1915(d) dismissal for abuse of discretion. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993).

The initial question is whether Allison's claims are cognizable under section 1983. "Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). However, if a prisoner is challenging the result of a

2

specific defective parole hearing or is challenging a parole board's rules and procedures that affect his release and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus. *Id*. The distinction is between claims that would "*merely enhance* eligibility for accelerated release and those that would *create entitlement* to such relief." *Id*. (citation omitted). A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under section 1983. *Id*.

Allison stated in his complaint that he was not alleging that his conviction was unlawful and was not seeking a speedier release from confinement. He is seeking annual parole hearings in the future, and he is not seeking monetary damages. Allison is seeking to have the Parole Board comply with what he contends are due process and ex post facto requirements in its parole review procedures. It appears that a favorable determination on these issues would not automatically entitle Allison to accelerated release. Therefore, his claims are properly raised under section 1983.

Allison asserts that he is entitled to annual parole review hearings. Liberally construed, Allison's brief argues that new parole review procedures deny him due process. He asserts that the Board reviewed his record for possible parole in 1992 and did not schedule a reconsideration hearing to be held until 1998.

"'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of

3

some right secured to him or her by the United States Constitution or the laws of the United States.'" *Hilliard v. Bd. Of Pardons and Parole*, 759 F.2d 1190, 1192 (5th Cir. 1985) (citation omitted). At least in the context of challenges to conditions of confinement, liberty interests created by state statutes which are protected by the Due Process Claim "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 115 S.Ct. 2293, 2300 (1995) (internal citations omitted).

This Court recently stated that a challenge to parole review procedures which affect the duration of confinement "might have implicated the narrow range of prisoner liberty interests remaining after *Sandin*" but for the fact that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. *Orellana v. Kyle*, No. 95-50252 (5th Cir. Aug. 11, 1995) (unpublished) (citing *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 501 U.S. 1210 (1991); *Gilbertson v. Texas Bd. of Pardons & Paroles*, 993 F.2d 74, 75 (5th Cir. 1993)). "It follows that because [the prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana* at 6. The district court properly disposed of Allison's claim regarding alleged due process violations resulting from the parole review

4

process.

Allison argues that because he was convicted in 1969, application of the 1987 and 1992 Parole Rules that altered the period between parole reconsideration hearings constitutes an ex post facto violation. Liberally construed, Allison's brief argues that the Parole Board is illegally employing procedures enacted after the date of the commission of his offense and conviction, which results in an extension of the period between his parole reviews.

A law need not impair a vested right to violate the ex post facto prohibition. *See Weaver v. Graham*, 450 U.S. 24, 29-30 (1981). "The presence or absence of an affirmative, enforceable right is not relevant. . . . Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and government restraint when the legislature increases the punishment beyond what was prescribed when the crime was consummated." *Id*. At 30.

Allison asserts that he was convicted in 1969 for robbery and was given a life sentence. He was released on parole in 1982. In 1983 he was convicted of aggravated robbery and was sentenced to 99 years' imprisonment. In 1991 his 99-year sentence was reduced to 35 years. In 1992 Allison's case was reviewed for parole, which was denied, and Allison was given a six-year setoff for review in March 1998. He argues that because his TDC number did not change from that issued when he was serving the sentence for the 1969 conviction, his parole eligibility should be governed by the laws

5

in effect in 1969, which required annual parole review. The district court analyzed the Parole Rules and former Texas Code of Criminal Procedure article 42.12, and determined that there was no ex post facto violation.

Assuming without deciding that Allison's parole review is governed by the laws in place in 1969, there is no ex post facto violation. Article 42.12[1] provided in pertinent part, "[w]ithin one year after a prisoner's admittance to the penal or correctional institution and at such intervals thereafter, as it may determine, the Board shall secure and consider all pertinent information regarding each prisoner[.]" The article did not mandate annual parole review. *See Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir.), *cert. denied*, 115 S.Ct. 1706 (1995). This is the same language review by this Court on a similar ex-post-facto challenge in *Creel*, 42 F.3d at 957. This Court found that a 1985 amendment to parole rules concerning the timing of reconsideration hearings did not change the law in effect in 1971 and, thus, there was no ex post facto violation. *Id*. At 957; *see also California Dep't of Corrections v. Morales*, 115 S.Ct. 1597, 1605 (1995) (change in California law regarding frequency of parole hearings created "only the most speculative and attenuated risk of increasing the measure of punishment," and, thus, did not violate the Ex Post Facto Clause).

---

This provision was later designated as Article 42.12, § 15(e). *See Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir. 1995). Section 15(e) was deleted in 1985. *Id*. Today, article 42.18 governs parole review procedures, but "makes no mention of the intervals between reviews for parole eligible individuals." *Id*.

In 1969, article 42.12 allowed the Board to review Allison's case for parole at such intervals as it would determine. The 1987 and 1992 parole review rules provide that a case reviewed for parole consideration may be denied and "set for further review on a future specific month and year (setoff)[.]" 37 Tex. Admin. Code § 145.7 (West Supp. 1987); 37 Tex. Admin. Code § 145.12 (West Supp. 1992). The Board gave Allison a setoff until March 1998, a future month and date. The review provisions in the 1987, 1992, and current Administrative Code are consistent with the statutory requirements in place at the time Allison was convicted. The district court did not abuse its discretion by dismissing Allison's ex post facto claim as frivolous.

AFFIRMED