95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred HODGES, Plaintiff-Appellant,
v.
STATE OF TENNESSEE; Christine J. Bradley; Ricky Bell; Ned
McWherter; Charles W. Burson; Charles Traughber;
Ray Blanton; Lamar Alexander,
Defendants-Appellees.
 No. 95-5958.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1996.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 Fred Hodges, a Tennessee state prisoner, moves for counsel and miscellaneous relief and appeals a district court order dismissing his civil rights action for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hodges is serving a life sentence based on his 1977 conviction of first degree murder. He filed this complaint against the state of Tennessee and several state officials claiming that he had been denied good-time credits and release on parole, that he did not earn interest on his prison account, that the defendants were operating an illegal bingo game at the prison, and that the commissary prices were inflated and included sales tax. He sought monetary relief and release from imprisonment. The district court adopted the magistrate judge's recommendation to grant the defendants' motion to dismiss. On appeal, Hodges continues to claim that he is entitled to good-time credits, that he should not be charged sales tax on commissary purchases, and that new parole laws are being applied to his sentence in violation of the Ex Post Facto clause.
 
 
 4
 Upon de novo review, we conclude that this complaint was properly dismissed, as Hodges could prove no set of facts which would entitle him to relief. See Miller v. Currie, 50 F.3d 373, 377 (6th Cir.1995). No set of facts would entitle Hodges to relief from the state of Tennessee, which is entitled to Eleventh Amendment immunity. See Papasan v. Allain, 478 U.S. 265, 276-79 (1986). Hodges is not entitled to monetary damages from the remainder of the named defendants, as he did not indicate that they were being sued in their individual capacities. See Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). Finally, although several circuits have held that a prisoner may bring an action under 42 U.S.C. § 1983 to challenge the retroactive application of amendments to the state's parole procedures when the prisoner does not claim that if he were to prevail on his claim he would be entitled to release from imprisonment, see e.g., Allison v. Kyle, 66 F.3d 71 (5th Cir.1995); Williams v. Ward, 556 F.2d 1143 (2d Cir.1977), Hodges's complaint seeks as relief only release from prison. Such relief must be sought by way of a petition for a writ of habeas corpus after exhausting state court remedies. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).
 
 
 5
 Accordingly, all pending motions are denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation