IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50044
Summary Calendar
_____

JOHNNY RAY SEATON,

                                        Plaintiff-Appellant,

versus

VICTOR RODRIGUEZ, Chairman,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CV-467-JN
--------------------
November 15, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Johnny Ray Seaton, Texas state prisoner #253239, appeals the dismissal of his civil rights suit filed pursuant to 42 U.S.C. § 1983, for failure to state a cause of action. Seaton argues that his release on parole under the conditions set forth in Tex. Code Crim. P. art. 42.18 violated the Ex Post Facto Clause, that he is entitled to injunctive relief against Rodriguez from future parole determinations under article 42.18, that the conditions of his 1990 parole release required him to admit his guilt, and that

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his involuntary expulsion from counseling could not reasonably be considered a parole violation.

None of Seaton's allegations about his release on parole state a claim for § 1983 relief. Seaton's claims that he is entitled to injunctive relief from application of article 42.18 to him in the future do not have cognizable bases under § 1983. See Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995); Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995). To the extent that Seaton seeks monetary damages for an alleged ex post facto violation leading to the revocation of his parole and for his assertion that his expulsion from counseling was insufficient to support his parole revocation, his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). See McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

Seaton also argues that he was denied due process by the use before the district court on his habeas petition of the results of the plethysmograph test, which was conducted without his receiving the Miranda warnings. This argument is meritless.

The judgment of the district court is AFFIRMED.