IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60676
Conference Calendar

_____

HENDERSON SHARP,

Plaintiff-Appellant,

versus

JAMES V. ANDERSON, Superintendent,
Mississippi State Penitentiary;
EMMITT L. SPARKMAN, Warden of Facility,
Marshall County Correctional Facility;
DAVID HELMIC, Associate Warden,
Marshall County Correctional Facility;
TODD GUELKER; WILLIE MAE WILLIAM;
LIEUTENANT JASON GURLY; BRENDA CRANE;
CORRECTIONAL OFFICER 1 WILLIAMS;
CORRECTIONAL OFFICER 1 BUFORD;
CORRECTIONAL OFFICER 1 WHITE; GWEN SHAW;
JUSTIN HALL; JACK YOUMANS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:98-CV-183-B
--------------------
June 15, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Henderson Sharp, Mississippi inmate #46812, appeals the
district court's dismissal as frivolous of his 42 U.S.C. § 1983
complaint.  Sharp contends that the defendants subjected him to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

cruel and unusual punishment by failing to inform him of four telephone calls, which notified him of his sister's death. Sharp contends also that he was charged with a disciplinary violation in retaliation for filing a civil rights complaint and that he was kept in administrative segregation for 112 days after he was found not guilty of the disciplinary charge. Sharp contends that he was denied due process and that his custody classification was changed without justification.

We review the district court's dismissal as frivolous of a prisoner's *in forma pauperis* (IFP) complaint for abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Id.*

To obtain relief under § 1983, the plaintiff must demonstrate the violation of a constitutional right. *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). Negligent conduct is not actionable under § 1983; nor is failure to follow prison policy. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995). Sharp's allegations concerning the failure of the appellees to provide notice of his sister's death do not implicate the violation of a constitutional right.

Sharp's allegations do not establish a retaliatory motive. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (inmate must either produce direct evidence of retaliatory motive or allege a chronology of events from which retaliation might plausibly be inferred). The record shows that Sharp was afforded

due process in the disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). Sharp's continued confinement in administrative segregation does not implicate the protections of the due process clause. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). The change in Sharp's custody classification does not impinge on any cognizable liberty interest. *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) ("An inmate has neither a protectible property nor liberty interest in his custody classification."). The district court did not abuse its discretion by dismissing Sharp's complaint as frivolous. *See Siglar*, 112 F.3d at 193.

Sharp's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

The dismissal of Sharp's appeal and the district court's dismissal of his complaint as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Sharp that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.