Carol T. COFFEY, III, Plaintiff–
Appellant,

v.

State of TENNESSEE; Don Sunquist;
State of Tennessee Board of Paroles;
Charles Traughber; Tom Biggs; Don
Dills;    Ray    Maples;    Townsend

Anderson; Sheila Swearingen; Donna Radford; Tennessee Department of Corrections; Howard Carlton, Defendants–Appellees.

No. 00–5776.

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.*

## ORDER

Carol T. Coffey, III, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

Seeking monetary, declaratory, and injunctive relief, Coffey sued numerous Tennessee state and correctional officials, alleging that the defendants improperly denied him parole, increased his security classification, and removed him from his prison job. The district court concluded that Coffey's claims were barred by the statute of limitations and dismissed the case as frivolous. Coffey filed a motion for reconsideration, in which he argued that his parole claim was timely. The district court concluded that, even if his parole claim was timely, it was not cognizable in a § 1983 action; therefore, the court denied the motion. In this timely appeal, Coffey requests the appointment of counsel.

We initially note that Coffey does not challenge on appeal the district court's dismissal of his security classification and prison job claims as barred by the statute of limitations; therefore, any challenge to this decision is considered abandoned and not reviewable. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir.1998).

■ Upon review, we conclude that the district court properly dismissed Coffey's parole claim as frivolous. This court reviews de novo a district court judgment dismissing a suit as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir.2000). A complaint is frivolous if it lacks an arguable or rational basis either in law or in fact. *Id.* at 866.

■ Coffey's parole claim lacks an arguable or rational basis in law. Coffey asserts in a conclusory manner that the state parole board wrongly denied him parole. While Coffey challenges the board's refusal to grant him parole, he does not have a constitutionally protected liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

■ Further, Coffey's claim is frivolous under § 1983 as his challenge to the parole board's decision, in essence, is a challenge to the length of his sentence. A state prisoner does not have a cognizable claim under § 1983 if a ruling on his claim would necessarily render his sentence invalid unless his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Coffey's confinement has not been remedied by any of the aforementioned procedures. His claim is not cognizable regardless of whether he seeks to obtain monetary damages or to attack the validity of his confinement. *See id.; see also Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (when a state prisoner seeks an immediate or speedier release from incarceration by challenging a specific decision denying him parole, he must pursue his claims in a habeas corpus petition).

■ Coffey argues that his claim is cognizable because he is challenging the procedures used to deny him parole, rather than challenging the actual decision to deny him parole. When a prisoner is not claiming immediate entitlement to parole, but rather is challenging parole procedures, he may bring his action under § 1983. *Anyanwutaku v. Moore*, 151 F.3d 1053, 1055–56 (D.C.Cir.1998); *Allison v. Kyle*, 66 F.3d 71, 73–74 (5th Cir.1995). However, Coffey does not challenge any specific parole procedures; rather, a review of his complaint reveals that he clearly is challenging the specific decision denying him parole. Consequently, his claim is *not cognizable under § 1983.*

Accordingly, this court denies Coffey's request for counsel and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.