IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60527
Conference Calendar

_____

JAMES ALLEN ROTH,

                                        Plaintiff-Appellant,

versus

ROBERT JOHNSON, Commissioner;
JAMES V. ANDERSON; WALTER BOOKER;
BOBBY BUTLER; ANN LEE, Director
of Offender Services; LAWRENCE HENDERSON;
JIMMY PARKER; GENE CROCKER, Chief
of Security; ROBERT ARMSTRONG,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-294-D-A
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

James Allen Roth, Mississippi inmate #76800, appeals the
district court's dismissal of his pro se, in forma pauperis
("IFP"), 42 U.S.C. § 1983 complaint for failure to state a claim
upon which relief may be granted.  Roth contends that he has been
confined in administrative segregation for more than three years
without due process and despite the fact that he has not received
disciplinary action.  Roth contends that his confinement is a

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violation of his right to due process and his right against cruel and unusual punishment.

We review de novo the district court's dismissal of an inmate's IFP, 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998); 28 U.S.C. § 1915(e)(2)(B)(ii).

An inmate does not have a protectible property or liberty interest in his custody classification. Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988). Administrative segregation is an incident to ordinary prison life and, absent extraordinary circumstances, is not a ground for a constitutional claim. Pichardo v. Kinker, 73 F.3d 612, 612 (5th Cir. 1996). The loss of the opportunity to earn good time credits does not implicate a constitutionally protected liberty interest. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

Roth has not shown that his extended confinement in administrative segregation amounts to a constitutional violation. See Sandin v. Conner, 515 U.S. 472, 483-86 (1995). The record refutes Roth's contentions regarding the reasons for his confinement to administrative segregation and demonstrates that Roth is receiving periodic reviews of his custodial classification. Roth has not demonstrated the violation of a constitutional right. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995). Roth's contention that the district court's February 14, 2001, order required the defendants to respond to his complaint and that the district court erred by denying his motions for default judgments are without merit.

Roth's appeal is without arguable merit and is dismissed as frivolous. <u>See</u> 5th Cir. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of the appeal as frivolous and the district court's dismissal of Roth's 42 U.S.C. § 1983 complaint for failure to state a claim count as "strikes" under the three-strikes provision of 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(e)(2)(B)(ii). Roth is CAUTIONED that if he accumulates a third "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.