IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40489
Conference Calendar

_____


AUTRY VAUGHN, JR.,

Plaintiff-Appellant,

versus

TEXAS BOARD OF PARDONS & PAROLE; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CV-576
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:*

Autry Vaughn, Jr., Texas prisoner # 929616, appeals from the

district court's dismissal of his 42 U.S.C. § 1983 claims as

frivolous and for failure to state a claim. He first argues that

the district court abused its discretion in declining

jurisdiction over his pendent state law claims. We hold that

despite the fact that the state law claims may not have involved

complex issues, judicial economy, convenience, and fairness to

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the parties do not point toward a conclusion that the district court should have exercised jurisdiction over the pendent claims. Cf. Batiste v. Island Records, Inc., 179 F.3d 217, 227-28 (5th Cir. 1999). Therefore, there was no abuse of discretion. See Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 755 n.12 (5th Cir. 2001).

Vaughn also argues that the Texas parole statute creates a liberty interest in parole, therefore allowing him to challenge the constitutionality of its procedural devices. We have repeatedly held, however, that the Texas statutes and regulations do not create a constitutionally protected liberty interest in parole. See Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995). The district court therefore did not err in determining that he failed to state a claim upon which relief could be granted. See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

Vaughn further argues that the magistrate judge erred in striking his second, third, fourth, and fifth amended complaints; in denying him leave to amend his complaint; and in denying his motion for reconsideration. Vaughn did not appeal the magistrate judge's orders striking these pleadings or denying the motions complained of to the district court; thus, we are without jurisdiction to consider them. See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 378 (5th Cir. 1989).

Vaughn's appeal is without arguable merit and is therefore dismissed as frivolous. See 5TH CIR. R. 42.2. Vaughn is warned that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996) (holding dismissals as frivolous in the district courts and the court of appeals count as strikes for 28 U.S.C. § 1915(g) purposes). We caution Vaughn that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

DISMISSED; THREE-STRIKES WARNING ISSUED.