UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41164
Summary Calendar
_____

ROBERT A. STOVALL,

Plaintiff-Appellant,

versus

S.O. WOODS, JR., Chief of Texas Department of Criminal
Justice State Classification Committee; B. ORMSBY,
Correctional Officer; TRACY ALLEN, Chief of Unit
Classification Committee; EDDIE WILLIAMS, Unit Warden;
B. LORD, Correctional Officer; RICKY D. TARVER, Captain;
L. ANDERSON, Correctional Officer; J. HORNBUCKLE,
Correctional Officer; REGINALD BROWN, Law Library
Supervisor; ROSEMARY HANICAK, Unit Health Administrator;
GARY GOMEZ, Regional Director; ROCHELLE MCKINNEY,
Registered Nurse; D. LAUDERDALE, Registered Nurse;
MICHAEL JACKSON, Correctional Officer; B. BAILEY,
Correctional Officer; KEITH RUSSELL, Supervisor;
U.P. SORRELS, Correctional Officer; C. SHULL, Correctional
Officer; TARA CLARK, Correctional Officer; P. TINCHER,
Correctional Officer; D. ARMFIELD, Correctional Officer;
MICHAEL DABNEY, Unit Disciplinary Hearing Officer;
DAVID ALRIDGE, Correctional Officer; U.P. GLOVER, Nurse; TIM
WEST, Warden; Timothy Vanbibber, Unit Grievance Coordinator,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:99-CV-260)
_____
February 19, 2003
Before BARKSDALE, DeMOSS, BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert A. Stovall, Texas inmate # 790244, proceeding *pro se* and *in forma pauperis* ("IFP"), appeals the denial of his motion to supplement his 42 U.S.C. § 1983 complaint and the subsequent dismissal of that complaint. He claimed malicious prosecution, harrassment, and deliberate indifference to his medical needs, alleging that defendants filed disciplinary charges against him for, *inter alia*, his refusal to shave, despite knowing of his condition (irritated skin) for which he had been issued a clipper shave pass exempting him from the shaving requirement. Stovall also alleged he is HIV-positive and had been denied access to medical treatment.

The district court adopted the Magistrate Judge's recommendation that Stovall's claims be dismissed as frivolous and for failure to state a claim. That report did not address the claimed harassment or deliberate indifference to medical needs. Stovall appeals this omission. However, he does not address the harassment issue in his brief. We will not consider issues an appellant has failed to raise. ***Brinkmann v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987). And, for his deliberate indifference claim, Stovall only contends defendants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were deliberately indifferent to his serious medical needs by filing disciplinary charges against him for failing to shave.

To obtain relief under § 1983, Stovall must, *inter alia*, demonstrate the violation of a constitutional right. *E.g.*, **Allison v. Kyle**, 66 F.3d 71, 73 (5th Cir. 1995). We review a dismissal under 28 U.S.C. § 1915(e)(2) of a complaint as frivolous for an abuse of discretion; a dismissal for failure to state a claim, *de novo*. **Berry v. Brady**, 192 F.3d 504, 507 (5th Cir. 1999).

Stovall mentions on appeal only that he was charged in disciplinary case 970373246 for refusing to shave. He claims he was treated with deliberate indifference to his serious medical condition, but he does not explain the circumstances attendant to that treatment. Stovall does not mention a denial of due process; he does not explain what treatment, if any, was denied; and he does not claim he was deprived of a protected liberty interest.

Although we apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel and liberally construe briefs of *pro se* litigants, such litigants must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. *E.g.*, **Grant v. Cuellar**, 59 F.3d 523, 524 (5th Cir. 1995); **Yohey v. Collins**, 985 F.2d 222, 225 (5th Cir. 1993).

Finally, the denial of Stovall's motion to file a supplement to his complaint was not an abuse of discretion. **Lewis v. Knutson**, 699 F.2d 230, 239 (5th Cir. 1983).

In sum, Stovall's appeal is without arguable merit and is dismissed as frivolous.  *See* 5TH CIR. R. 42.2; ***Howard v. King***, 707 F.2d 215, 219-20 (5th Cir. 1983).  This dismissal and the district court's dismissal of Stovall's § 1983 complaint as frivolous each count as "strikes" under the three-strikes provision of 28 U.S.C. § 1915(g).  *See **Adepegba v. Hammons***, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(e)(2)(B)(ii).  Stovall is cautioned that, if he accumulates a third "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

***DISMISSED; THREE-STRIKES WARNING ISSUED***

4