United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50599
Summary Calendar
_____

BILLY GEORGE WILLIAMS,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON; GERALD GARRETT,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-84-LY
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Billy George Williams, Texas state prisoner # 840708,
appeals the dismissal of his civil rights action, 42 U.S.C.
§ 1983.  Williams contends that the defendants have violated his
right to due process by improperly determining his parole
eligibility relative to two consecutive sentences.  We AFFIRM.

     "To state a claim under § 1983, a plaintiff must allege the
violation of a right secured by the Constitution and laws of the
United States, and must show that the alleged deprivation was

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The district court's dismissal of Williams's action was correct, although based on another ground, because "Texas law does not create a liberty interest in parole that is protected by the Due Process Clause." Allison. v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Consequently, a prisoner is not entitled to relief under § 1983 based on alleged lack of due process in parole procedures, as Williams argues. Id.

In his original complaint, Williams also alleged that the defendants were applying a prison administrative directive ex post facto, in violation of his right to equal protection; violating the doctrine of separation of powers, and violating his right to be free from cruel and unusual punishment.

"A law need not impair a vested right to violate the ex post facto prohibition [provided by the Constitution]." Allison, 66 F.3d at 74. However, Williams has abandoned his claims other than that of due-process violation, including his ex post facto claim, by failing to brief them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.