United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40850
Summary Calendar
_____

PHILIP J. POHL,

Plaintiff-Appellant,

versus

BRAD LIVINGSTON; PAMELA WILLIAMS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:06-CV-4
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

Philip J. Pohl, Texas prisoner # 408856, appeals the

dismissal of his 42 U.S.C. § 1983 action as frivolous.  Pohl

asserts that he has a "liberty interest" in parole.  He asserts,

however, that the appellees have violated his rights under

Texas law and the Constitution because they are using "an

unconstitutionally vague code to do away with parole."  He

further asserts that his due process rights have been violated

because he has been denied meaningful review.  He contends that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the appellees focus only on the nature of the crime of conviction when making a parole determination.

To obtain relief under § 1983, the plaintiff must demonstrate the violation of a constitutional right. Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995). This court has determined that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriquez, 110 F.3d 299, 308 (5th Cir. 1997). Thus, to the extent that Pohl seeks relief regarding alleged due process violations resulting from the parole review process, the district court did not abuse its discretion in denying his claim. See Orellana, 65 F.3d at 32.

Pohl also contends that he has a "liberty interest" in mandatory supervision. Specifically, he contends that when he was sentenced in 1985, a life sentence was equivalent to 60 years and an inmate was eligible for mandatory supervision when he served 20 years. Pohl contends because he has served 21 years, he is eligible for mandatory supervision. He contends that the defendants are violating the Due Process and Ex Post Facto Clauses by applying harsher parole laws enacted after the date of his conviction.

As the district court determined, Pohl's argument is foreclosed by Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002), which held that an inmate serving a life sentence is not

eligible for release under the 1977 version of the Texas mandatory supervision statute and, thus, does not have a constitutionally protected interest in such release. This court based its decision on a similar determination by the Texas Court of Criminal Appeals in Ex parte Franks, 71 S.W.3d 327 (Tex. Crim. App. 2001), concerning the 1981 version of the Texas mandatory supervision statute. See id.

Pohl further argues that the elimination of annual parole reconsideration hearings violates the Ex Post Facto Clause. He contends that he has been given a three-year set-off, as opposed to an annual review. Pohl characterizes this three-year set-off as a "new 3 year sentence[]."

Ex post facto principles apply to the procedures for reviewing a prisoner's eligibility for parole. See Allison, 66 F.3d at 74. However assuming arguendo that Pohl's parole eligibility is governed by the parole review law in place at the time of his sentence, annual parole review was not mandated. See id. Thus, Pohl has not shown an ex post facto or other constitutional violation. See id.

Pohl's appeal "lacks an arguable basis in law or fact." Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). Thus, it is dismissed as frivolous. See 5TH CIR. R. 42.2. For purposes of the three-strikes provision of 28 U.S.C. § 1915(g), the district court's dismissal under 28 U.S.C. § 1915A counts as a strike, and the dismissal of this appeal as frivolous counts as a strike.

See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).
Accordingly, Pohl is warned that if he accumulates three strikes
he may not thereafter proceed IFP in any civil action or appeal
filed while he is incarcerated or detained in any facility unless
he is under imminent danger of serious physical injury.  See
§ 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.