# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50878
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 23, 2016

Lyle W. Cayce
Clerk

PHILLIP LOVIC BURNETTE, II,

Plaintiff - Appellant

v.

RATEGENIUS LOAN SERVICES, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-577

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

In May 2016, Phillip Burnette filed a complaint in district court against his former employer, RateGenius Loan Services, alleging interference and retaliation under the Family and Medical Leave Act. The district court adopted the magistrate judge's recommendation to dismiss both claims as frivolous under 28 U.S.C. § 1915(e)(2). Burnette filed a timely notice of appeal. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50878

BACKGROUND

Burnette brought this suit *pro se* and was granted leave to proceed *in forma pauperis*. His suit was dismissed on the pleadings, so we accept the allegations of the complaint as true on appeal. *See Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983).

Burnette claimed that during the latter half of 2013 and while employed at RateGenius, he began experiencing dizziness and bouts of unconsciousness. No formal diagnosis was made at that time, but he discussed his condition with the vice president of his department. After that discussion, Burnette took several days off work for medical testing.

In December 2013, Burnette had an accident in which he crashed his vehicle into a house. He alleges the crash occurred because a coughing spell caused him to lose consciousness while driving. Burnette was not arrested, but the police began investigating the accident to determine whether he had been driving while intoxicated. When Burnette reported the accident to his employer, he said it was caused by a coughing spell. He did not mention the police investigation. The vice president to whom he reported the accident agreed Burnette could work from home to minimize the risks of his driving to and from work. Burnette was later charged and arrested for DWI in connection with the accident. The complaint contains no assertions about the result of the charges.

Burnette alleged that an ear, nose, and throat specialist named Jacob Minor diagnosed him with Syncope on April 29, 2014. The complaint says Syncope is characterized by temporary bouts of unconsciousness caused by a fall in blood pressure. Burnette notified RateGenius of his diagnosis the day after Dr. Minor allegedly informed him. On May 5, 2014, a human resources representative asked Burnette to provide a note from his doctor confirming the diagnosis. The original complaint is silent as to whether Burnette did so. A

2

No. 16-50878

proposed amended complaint claims that Burnette mailed such a note to his employer *after* his termination and that it should have been received within 30 days of the request. The district court denied leave to amend. RateGenius terminated Burnette on May 19, 2014. Burnette claims his employer gave him two reasons: (1) failure to provide documentation of his diagnosis and (2) lying about the nature of his accident, citing the police investigation of a possible DWI. At the time of his termination, Burnette had been working remotely for four months.

After his termination, Burnette filed suit under the Family and Medical Leave Act ("FMLA"). He claims RateGenius interfered with his right to take leave under the FMLA by failing to notify him of his right to do so. *See* 29 U.S.C. § 2615(a). He also claims he was terminated in retaliation for notifying RateGenius of his potential FMLA-qualifying condition. The magistrate judge recommended both claims be dismissed as frivolous. The district court agreed and dismissed with prejudice. Burnette filed a timely appeal.

## DISCUSSION

Only one party is before us because RateGenius was never served. The magistrate judge reviewed the complaint and Burnette's motion to proceed *in forma pauperis*, then determined the suit was frivolous. Service upon RateGenius was withheld until the district court determined whether the suit should be dismissed. The district court agreed with the magistrate judge's recommendations. Our analysis will rely on the allegations in the original and proposed amended complaints.

The court will dismiss a case in which the plaintiff is proceeding *in forma pauperis* if it determines the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous complaint "lacks an arguable basis in law or fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). "We review the dismissal of a frivolous complaint

No. 16-50878

for abuse of discretion." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). An abuse of discretion occurs when the district court relies on erroneous findings of fact or conclusions of law or misapplies the law to the facts. *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016).

Burnette alleges four points of error. First, he argues the district court erred by finding he does not satisfy the elements of an interference claim under the FMLA. He makes the same complaint about his retaliation claim. Third, he argues the district court erred by not permitting him to file an amended complaint. Finally, Burnette argues the district court erred by ordering that the dismissal of the complaint be with prejudice.

### a. Interference

The FMLA prohibits employers from "interfer[ing] with, restrain[ing], or deny[ing]" employees the right to take leave under its provisions. 29 U.S.C. § 2615(a)(1). Burnette's claim of interference in both the original and proposed amended complaints focuses on the events that began in April 2014, when he informed RateGenius that he had been diagnosed with a specific medical condition. He does not claim any interference occurred during the four-month period he was allowed to work from home.

Burnette's complaint stated that the interference started when his employer requested a note from his doctor but did not at that time inform him of his rights under the FMLA. Under federal regulations that are summarized in the complaint, the employer is to provide certain information when an employee begins the process of seeking FMLA leave. *See* 29 C.F.R. § 825.300. Burnette's proposed amended complaint adds that he was unaware of the existence of the FMLA throughout his employment.

The district court found Burnette's claim for interference "lack[ed] an arguable basis in law or fact." The district court concluded that even if the

4

employer failed to notify Burnette of his FMLA rights, there is no claim as to how that failure caused any monetary loss or loss in employment status. As the district court noted, the one specific injury Burnette alleged was this: "Had he been appropriately apprised of his leave options, Plaintiff could have planned and structured his leave time differently and accordingly, for example, moving closer to work so as not to have to drive to work." The court concluded, "Plaintiff has failed to adequately plead he was prejudiced by Defendant's failure to apprise him of his FMLA rights." The proposed amended complaint goes further as to injury. There, Burnette claims he lost his entitlement to 12 weeks of unpaid leave and also lost his job, which provided an income of at least $100,000 annually.

One difficulty raised by both complaints is that neither party at the time of these events is claimed to have discussed rights and duties under the FMLA. Burnette was not seeking leave, and RateGenius was not asking for information that would allow it to determine if the FMLA applied. Burnette states that he was not aware of the FMLA due to his employer's failure to provide notice. There is no claim, though, that RateGenius failed to post the required notice to all employees about the Act. *See* 29 C.F.R. § 825.300(a). Instead, Burnette claims that when he informed his employer of the diagnosis, the response should have included notice of his rights.

Burnette's failure to assert that he mentioned the FMLA is not fatal, as an employee does not need to refer specifically to the FMLA in seeking leave. A regulation provides that any "employee giving notice of the need for FMLA leave does not need to expressly assert rights under the Act or even mention the FMLA to meet his or her obligation to provide notice." 29 C.F.R. § 825.301(b). Yet nothing in the complaint indicates that Burnette wanted leave of any kind. The complaint asserts that RateGenius was allowing him to work

from home, and the complaint does not suggest Burnette or his employer in April was seeking to end that arrangement.

Instead, what the complaint sets out is that after RateGenius was informed that Burnette had a specific medical diagnosis of the condition that had led the company to allow him to work from home for four months, it asked for proof. Burnette's claim was only that he provided a note from the doctor *after* his termination. The complaint also claims that the employer believed he had not been truthful in describing the earlier automobile accident. Burnette explains why he did not need to inform RateGenius of the police investigation into possible impaired driving. He asserts that the employer's reasons for his termination were pretexts for denying him rights under the FMLA.

Reviewing all of Burnette's allegations, we find nothing beyond speculation that the reasons RateGenius gave him for his termination were simply masks for an FMLA violation. Speculation is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Complaints "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678. Asking for proof of a medical condition that would have allowed an employee to continue to work from home, and a belief that an employee was hiding an alternative explanation for why he had a car accident, are not on their face suggestive of pretext. Whether RateGenius should have given Burnette more time to provide the doctor's note or been more understanding of the reasons he did not reveal the police investigation are irrelevant to whether any discrimination occurred. RateGenius was entitled to terminate him so long as — for purposes of this complaint — there was no discrimination against him under the FMLA. Nothing in the complaint suggests Burnette and the company were resolving whether he got leave, paid or unpaid. Instead, the issue was whether Burnette's special arrangement of working from home would continue.

No. 16-50878

We conclude that Burnette has not alleged facts that would plausibly support there was a causal connection between what he claims occurred and interference with an employee's FMLA rights. It is true that the district court's decision to dismiss was solely on the basis of an absence of a claim of prejudice. We can affirm, though, "on any basis supported by the record." *Harper*, 174 F.3d at 719.

### b. *Retaliation*

Burnette's retaliation claim also was dismissed as frivolous. The retaliation allegedly occurred when RateGenuis terminated him in May of 2014 and told him it was because he had failed to provide requested documentation of his medical condition and had not been candid about what happened at the time of his December 2013 accident. The district court's analysis was brief: "By Plaintiff's own admission, he did not request — much less take — FMLA leave. As a result, he could not have been retaliated against on this basis."

Our previous discussion regarding the allegations of the complaint applies here as well. The complaint does not set out any facts that plausibly support that Burnette's dismissal was related to a disagreement about leave of any kind. Dismissal was proper.

### c. *Permission to file an amended complaint*

Burnette alleges the district court erred by denying his motion to file an amended complaint. Federal Rule of Civil Procedure 15 requires trial courts to freely grant leave to amend. *See Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). Even so, the district court may deny leave to amend if it has a "substantial reason" to do so. *Id.* Futility of amendment is a substantial reason. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–

73 (5th Cir. 2000). An amendment is futile if, after the amendment, the complaint would still "fail to state a claim upon which relief could be granted." *Id.* at 873.

The district court's only stated reason for denying the amendment is that the original complaint was frivolous under the statute governing *in forma pauperis* proceedings. 28 U.S.C. § 1915(e)(2)(B)(i). That may be, but the issue is whether the proposed amended complaint was also frivolous. We have examined the proposed amended complaint and have noted its allegations in our prior analysis of whether dismissal was proper. Burnette does not make any assertions that can show a relationship between his termination and any potential FMLA violation. Refusing to allow the filing of an amended complaint was not error.

### d. Dismissal with prejudice

Finally, Burnette claims the district court should not have dismissed his claims *with prejudice* without offering some explanation as to why a dismissal with prejudice was merited. "[D]ismissals as frivolous or malicious should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice." *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc). In other words, the assumption is that the dismissal of a frivolous complaint under Section 1915 is one with prejudice, and the district court is under no obligation to explain itself. Here, the district court explicitly stated the dismissal of Burnette's complaint was with prejudice, which "ensure[s] that judicial resources will not be wasted and that the meritorious claims may receive the timely attention and disposition warranted." *Id.* at 1505. We see no error.

AFFIRMED.