# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40394
Summary Calendar

———————

STEPHEN THOMAS,

*Petitioner—Appellant,*

*versus*

BOBBY LUMPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; BRYAN COLLIER, *Executive Director, Texas Department of Criminal Justice*,

*Respondents—Appellees.*

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:20-CV-163

———————————————————————

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

Proceeding *pro se*, Stephen Thomas, Texas prisoner # 317322, challenges the district court's Rule 12(b)(6) dismissal of his 42 U.S.C. § 1983 action. *See* FED. R. CIV. P. 12(b)(6) (allowing dismissal for failure to state claim). (He does not contest, and therefore has abandoned, any challenge to

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the court's Rule 12(b)(1) dismissal of his claims against Appellees in their official capacities. *See, e.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (explaining even *pro se* contentions must be briefed to be preserved).)

Rule 12(b)(6) dismissals are reviewed *de novo*. *E.g.*, *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018). Thomas' *pro se* brief is construed liberally. *E.g.*, *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). To obtain § 1983 relief, he must show the violation of a constitutional or statutory right. 42 U.S.C. § 1983; *see also Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Thomas first repeats his assertion that, after revocation of his parole, he was assigned a new prisoner number, resulting in his parole review being held every two years instead of annually. He contends he has a protected liberty interest in being considered for parole each year. Our court has repeatedly recognized, however, that Texas prisoners do not have a protected liberty interest in parole. *E.g.*, *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Therefore, prisoners cannot bring a procedural or substantive challenge to state parole-review procedures. *E.g.*, *id.* To the extent he claims an equal-protection violation, it is unsupported by facts showing either an improper motivation or a discriminatory intent. *See Gibson v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (outlining standard).

Next, Thomas asserts he has been denied work-furlough-program privileges that existed under the repealed statutory scheme in effect at the time of his conviction. Even if Thomas was subject to the repealed provision, he has no protected liberty interest in the work-furlough program. *See Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir. 1989) (explaining no constitutional entitlement to particular work assignment); *Tobias v. Collins*,

No. 23-40394

No. 94-41146, 1995 WL 337754, at *2 (5th Cir. 19 May 1995) (observing prisoners have no protected liberty interest in furlough under Texas law).

Finally, Thomas contends the district court improperly dismissed his action without holding a jury trial. "Dismissal of [his] claims pursuant to a valid 12(b)(6) motion does not violate [his] right to a jury trial". *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014).

AFFIRMED.