IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-31104
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CICERO PATTERSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CR-10026-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cicero Patterson appeals his jury convictions on three counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of theft of public money, property, or records, in violation of 18 U.S.C. § 641; and one count of making a false statement with respect to the information required to be kept in the records of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a federal firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A). Patterson maintains the evidence was insufficient to prove his convictions.

Patterson properly preserved his contention at trial by moving for judgment of acquittal in two instances: at the close of the Government's case and at the close of all the evidence. See United States v. Izydore, 167 F.3d 213, 219 (5th Cir. 1999). "In determining whether there was sufficient evidence to sustain the convictions, [this court] must decide, viewing the evidence and the inferences therefrom in the light most favorable to the verdict, whether a rational juror could have found the defendant guilty beyond a reasonable doubt." United States v. Mann, 493 F.3d 484, 492 (5th Cir. 2007) (internal quotation marks and brackets omitted). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." Id. (internal quotation marks omitted).

"Wire fraud is (1) the formation of a scheme or artifice to defraud, and (2) use of the wires in furtherance of the scheme." Id. at 493 (internal quotation marks omitted). "Violation of the wire-fraud statute requires the specific intent to defraud, i.e., a conscious knowing intent to defraud." Id. (internal quotation marks omitted). Viewing the evidence in the light most favorable to the verdict, a rational juror could have found beyond a reasonable doubt that Patterson engaged in a scheme to defraud the Federal Emergency Management Agency (FEMA) by providing false answers on his assistance application and his subsequent declaration of continuing need, that he used the wires to further this scheme, and that he acted with the specific intent to defraud. See id.

To convict Patterson of theft of public property, proof was required that (1) "the property belonged to the government and had a value in excess of $1000", (2) Patterson "stole or converted the property for his own use or for the use of another", and (3) "he did so knowing the property was not his and with the intent to deprive the owner of the use or benefit of the property". United States

v. Dien Duc Huynh, 246 F.3d 734, 745 (5th Cir. 2001). Based on Patterson's conversion of FEMA funds, a rational juror could have found these elements beyond a reasonable doubt.

Furthermore, viewing the evidence in the light most favorable to the verdict, a rational juror could have found beyond a reasonable doubt that Patterson knowingly made a false statement with respect to the information required to be kept in the records of a federally-licensed firearms dealer . See 18 U.S.C. § 924(a)(1)(A).

AFFIRMED.