# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2010

Charles R. Fulbruge III
Clerk

No. 09-50140
Summary Calendar

ARDELL NELSON, JR.,

Plaintiff-Appellant

v.

PARDONS AND PAROLE CHAIRMAN; NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-505

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ardell Nelson, Jr., Texas prisoner # 482188, appeals the 28 U.S.C. § 1915(e)(2)(B)(i) dismissal as frivolous of his civil rights suit and moves for appointment of counsel. Nelson argues that (1) procedures employed by the Texas Board of Pardons and Paroles (the Parole Board) violated his due process rights; (2) his ex post facto rights were violated by the retroactive application of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parole law; and (3) the Parole Board miscalculated the date on which he is to be released to mandatory supervision. Our review is for an abuse of discretion. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Nelson's due process challenge to the procedures employed by the Parole Board is not cognizable in a 42 U.S.C. § 1983 proceeding because Texas inmates do not have a liberty interest in parole. *See Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995). The dismissal of this claim as frivolous was therefore not an abuse of discretion. *See Siglar*, 112. F.3d at 193. Nelson's ex post facto claim is similarly frivolous, as he has not shown that the retroactive application of the complained of parole procedures will result in a longer period of incarceration than those procedures in effect on the date he committed the offense. *See Garner v. Jones*, 529 U.S. 244, 255 (2000); *Allison*, 66 F.3d at 74-75.

Finally, Nelson's claim that his mandatory supervised release date has been incorrectly computed is not cognizable in a § 1983 action because it challenges the duration of his confinement and, if granted, would entitle him to accelerated release. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *see also Allison*, 66 F.3d at 73. It should therefore be raised in a 28 U.S.C. § 2254 petition.

Nelson's appeal is without arguable merit and is dismissed as frivolous. *See* 5TH CIR. R. 42.2. Nelson is informed that the district court's dismissal and the dismissal of this appeal count as two strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Nelson is cautioned that, if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.