# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2010

No. 08-40571
Summary Calendar

Charles R. Fulbruge III
Clerk

NORRIS CLARK,

Plaintiff-Appellant

v.

RISSIE OWENS; JOSE ALISEDA; JUANITA GONZALES,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CV-351

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Norris Clark, Texas prisoner # 648948, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim on which relief may be granted. In May 1993, Clark was convicted of aggravated sexual assault of a child, a third degree felony, and was sentenced to 40 years in prison.

In his § 1983 complaint, Clark challenged the repeated denial of his parole as unconstitutional. Clark's claims arise out of changes to the number of board members required to vote for parole. Prior to 1997, parole determinations were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

made by panels of three members of the Parole Board. *Wallace v. Quarterman*, 516 F.3d 351, 353 (5th Cir. 2008); TEX. CODE CRIM. P. ART. 42.18 § 7(e) (Vernon 1988) (repealed). Effective September 1, 1997, the law was changed to require that two-thirds of the entire 18-member Board vote for parole in certain cases. TEX. GOV'T CODE ANN. § 508.046*; Wallace*, 516 F.3d at 353. In 2004, the Board's size was reduced from 18 members to seven members. § 508.031(a). In his complaint, Clark argued that the retroactive application of § 508.046 by the Parole Board violated the Equal Protection, Due Process, and Ex Post Facto clauses.

We review a district court's dismissal of a complaint for failure to state a claim de novo. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Clark's conclusory assertions that he was treated differently than other similarly situated inmates are insufficient to state an equal protection claim. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986). Because there is no liberty interest in parole under Texas law, Texas inmates cannot mount challenges against state parole review procedures on procedural or substantive due process grounds. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 332 (5th Cir. 1995). Lastly, this court has determined that the Parole Board's retroactive application of § 508.046 does not violate the Ex Post Facto Clause because it is a discretionary rule addressing a prisoner's "suitability, not eligibility, for parole." *See Wallace*, 516 F.3d at 355-56.

Clark also challenges the district court's denial of his motion to amend and argues that the district court erred in failing to exercise supplemental jurisdiction over his state law claims. The district court's denial of Clark's motion to amend was harmless as amendment would have been futile. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054-55 (5th Cir. 1998); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991).

Because the district court dismissed all of Clark's federal claims, the dismissal of any remaining state law claims was not an abuse of discretion. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). However, we modify the judgment of dismissal to reflect that any state law claims are dismissed without prejudice. *See id.*

The district court's dismissal of Clark's § 1983 complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Clark is warned that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

JUDGMENT MODIFIED AND AFFIRMED AS MODIFIED; SANCTION WARNING ISSUED.