Opinion issued November 4, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-01024-CV

———————————

BRIAN CALVIN ADAMS, Appellant

V.

BRYAN
COLLIER AND RISSIE OWENS, Appellees



 



 

On Appeal from the County Court at Law No. 3

Brazoria County, Texas



Trial Court Case No. CI040900

 



 

MEMORANDUM OPINION

Appellant, Brian Calvin Adams,[1]
an inmate in the Texas Department of Criminal Justice-Institutional Division
(the “Department”), challenges the trial court’s order dismissing, under
Chapter 14 of the Texas Civil Practice and Remedies Code,[2]
his lawsuit for declaratory and injunctive relief against appellees, Bryan
Collier and Rissie Owens, [3] for the violation of his
civil rights[4] by an ex post facto
punishment through the retroactive application of new parole procedures[5]
to his future parole reviews.  In four
issues, Adams contends that the trial court erred in granting appellees’
Chapter 14 motion to dismiss his lawsuit based upon its finding that “changes
in parole did not violate the Ex Post Facto Clause” of the United States
Constitution[6] and in refusing to address
his “constitutional claim of denial of redress by grievance.”

We affirm. 

Background

          In his original petition, Adams seeks
a declaratory judgment and injunctive relief against Collier, the Director of
the Texas Board of Pardons and Paroles, and Owens, the Presiding Officer of the
Texas Board of Pardons and Paroles, primarily complaining in his original
petition that the State’s application of certain parole review procedures
violates the Ex Post Facto Clause.  Adams
alleges that he pleaded guilty to the offense of aggravated sexual assault in
1996; the trial court had sentenced him to confinement for a term of sixteen
years; at the time of his conviction, the Texas Code of Criminal Procedure
governed the parole review guidelines and required him to obtain “two votes (a
majority) of the three voting parole panel members” in order “to receive
parole”; on September 1, 1997, the pertinent Texas Code of Criminal Procedure
provision was repealed and his parole is now subject to section 508.046 of the
Texas Government Code, entitled “Extraordinary Vote,” which “require[s] all
parole board members[[7]]
. . . to vote on the parole consideration for prisoners convicted of aggravated
sexual assault”; and, beginning in 2004, the Texas Board of Pardons and Parole “subjected”
him to the “Extraordinary Vote” provision of Chapter 508 in his parole
proceedings.  

Adams further alleges that the application of the “Extraordinary
Vote” provision impairs his “vested rights” by “requiring the vote of all seven
parole board members and by increasing the actual number of positive votes he
must receive in order to be granted parole.” 
He asserts that he is being subjected to this new parole provision
despite the Texas Court of Criminal Appeals’ “repeated” holdings that an
inmate’s “eligibility” for parole is determined by the statute in effect “when
the offense was committed.”  Adams
further complains that the State is subjecting him to the new statutory
provision, contrary to a statutory savings clause.[8]
 In addition to his complaints about the
State’s application of the “Extraordinary Vote” provision, Adams also generally
complains that the board failed to provide him a required “detailed written
statement describing the specific circumstances regarding the departure from
the parole guidelines,” to “consider his progress in any programs in which he
has participated during the term of his confinement,” and to “require all seven
parole board members to vote on his parole consideration reviews.”  Adams seeks a “new and fair hearing.” 

          In their motion to dismiss, appellees,
pursuant to Chapter 14, argued that Adams’s lawsuit is frivolous because “Texas
prisoners have no cognizable liberty interest in parole” and the change “in
parole procedure was not punitive in nature.” 


After the trial court granted appellees’ motion to dismiss, Adams
filed a response to the motion, a request for a hearing, and a supplemental petition.  The trial court, in response to these additional
pleadings, sent Adams a letter stating that it had granted the motion to
dismiss, and it enclosed a copy of its previous order.  Although the trial court acknowledged Adams’s
filing of additional motions and requests, it stated that “the original order
of dismissal stands.”  Adams subsequently
filed a request for findings of fact and conclusions of law, and the trial
court entered findings of fact and conclusions of law.  The trial court found, among other things,
that Adams “allegations are cognizable under section 1983,” Adams  “has no constitutionally protected liberty
interest in parole,”  Adams “has been
before the parole review authorities several times” and “not been granted
parole,” “the change in voting requirements for parole from the time of [Adams’s]
conviction and the application of [section] 508.046, currently, does not change
or lengthen [Adams’s] original sentence, thus it does not violate the Ex Post Facto Clause”[9];
and Adams’s “allegations, and lawsuit as a whole, are frivolous or malicious,
and without merit.”

Standard of Review

 

We generally review a trial court’s dismissal of an inmate’s
suit under Chapter 14 for abuse of discretion.  See Thompson
v. Tex. Dep’t of Criminal Justice-Inst. Div., 33 S.W.3d 412, 414 (Tex.
App.—Houston [1st Dist.] 2000, pet. denied); Wilson v. TDCJ-ID, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no
pet.).  When a lawsuit is dismissed as
frivolous for having no basis in law or in fact, and no fact hearing was held,
our review focuses on whether the inmate’s lawsuit has an arguable basis in
law, which we review de novo.  Scott v. Gallagher, 209 S.W.3d 262, 266
(Tex. App.—Houston [1st Dist.] 2006, no pet.).  A claim has no arguable basis in law if it is
based on an indisputably meritless legal theory.  Id.  In conducting our de novo review, we take as
true the allegations of the inmate’s petition.  Id.

Dismissal

In four issues, Adams argues that the trial court erred in
granting appellees’ Chapter 14 motion to dismiss because it erroneously found that
“changes in parole did not violate the Ex Post Facto Clause” and it failed to
address his “constitutional claim of denial of redress by grievance.”  

Chapter 14 of the Texas Civil Practice and Remedies Code
governs inmate litigation.  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.001–.014.  (Vernon 2002).  Under Chapter 14, a trial court may dismiss an
inmate suit brought in forma pauperis,
either before or after service of process, by finding that it is frivolous or
malicious.  Id. § 14.003(a)(2).  In
determining whether a claim is frivolous or malicious, the trial court may consider
whether: (1) the claim’s realistic chance of ultimate success is slight; (2)
the claim has no arguable basis in law or in fact; (3) it is clear that the
party cannot prove facts in support of the claim; or (4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.  Id. § 14.003(b)(1)–(4).  In finding that a claim is frivolous or
malicious, the court “may” hold a hearing “before or after service of process”
and “it may be held on motion of the court, a party, or the clerk of the
court.”  Id. § 14.003(c).

Due Process & Equal Protection Claims

Adams’s substantive arguments, in both the trial court and
this Court, primarily arise from the alleged Ex Post Facto violation.  However, Adams makes general references to
alleged due process and equal protection violations in his first issue, and,
thus, we initially consider these matters. 
See U.S. Const. amends. V, XIV.

The United States Constitution’s Due Process Clause
protections are “only invoked when State procedures which may produce erroneous
or unreliable results imperil a protected liberty or property interest.”  Johnson
v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).  Texas law does not create a liberty interest
in parole that is protected by the Due Process Clause.  Allison
v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir.1995); see also Baca v. Owens, 293 Fed. Appx 247, 251 (5th Cir. 2008) (“It is
therefore axiomatic that because Texas prisoners have no protected liberty
interest in parole they cannot mount a challenge against any state parole
review procedure on procedural (or substantive) Due Process grounds.”); Martin v. Tex. Bd. of Criminal Justice,
60 S.W.3d 226, 230 (Tex. App.—Corpus Christi 2001, no pet.) (“Texas law does
not create a liberty interest in parole that is protected by due process.”).  Thus, to the extent appellant’s trial court
pleadings can be construed to raise an alleged due process violation, and to
the extent appellant’s appellate brief can be construed to present a challenge to
the trial court’s dismissal of any such claim, we hold that the trial court did
not err in dismissing such a claim as frivolous.  

In regard to any possible equal protection claim, Adams only
referenced an equal protection claim in his supplemental petition, which was
filed after the trial court had already entered its order dismissing his claims
as frivolous.  In his supplemental
petition, Adams claimed that he had inadvertently omitted the references to
equal protection in his original petition, and he merely sought to insert references
to the phrase “equal protection” in several locations in his original petition.  Although the trial court acknowledged
receiving Adams’s supplemental petition, it expressly stated in a subsequent
order that the original order dismissing Adams’s claim stood.  Adams did not seek or obtain a new trial, and
he has not argued on appeal that the trial court erred in refusing to consider
his untimely supplemental petition in which he asserted equal protection
violations.

Nevertheless, even if Adams had timely presented an equal
protection claim to the trial court, Adams, in his appellate briefing, merely alleges
that he “has a right to expect to be reviewed under the laws in effect at the
time of his offense,” his “failure to receive that treatment clearly states an
equal protection claim,” and in the past “parole-eligible prisoners were
reviewed in accordance with the law in effect at the time of their offense.”   However, to bring an action under section 1983,
a claimant must state specific facts, not merely conclusory allegations.  See
Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986).  Adams’s conclusory assertions that he was
treated differently are not sufficient to give rise to an equal protection
claim.  

          Accordingly, we overrule Adams’s first
issue.  

Ex Post Facto Clause

          In his second and third issues, Adams
argues that the trial court erred in dismissing his lawsuit as frivolous
because it incorrectly found that “changes in parole rules did not violate the Ex
Post Facto Clause.”  Adams admits that “there is case-specific
precedent that has stated that certain changes in parole laws do not violate
the Ex Post Facto Clause.”  Nevertheless,
he urges this Court to follow an unpublished case out of the United States
District Court for the Western District of Texas, which has since been reversed,
on other grounds, by the United States Court of Appeals for the Fifth
Circuit.  See Wion v. Dretke, No.
MO-05-CV-146 (W.D. Tex. Mar. 29, 2007), rev’d,
Wion v. Quarterman, 567 F.3d 146 (5th
Cir. 2009).  

          Under the Ex Post Facto Clause, states
are barred from retroactively altering the definition of crimes or increasing
the punishment for criminal acts.  U.S. Const. art. I, § 10, cl. 1; Wallace v. Quarterman, 516 F.3d 351, 354
(5th Cir. 2008) (citing Collins v.
Youngblood, 497 U.S. 37, 43, 110 S.Ct. 2715 (1990)).  A statute violates the Ex Post Facto Clause
only if it retroactively effects a change in the definition of a crime or increases
the punishment attached to a crime.  Id.[10]

In Wallace, the
United States Court of Appeals for the Fifth Circuit considered, and rejected,
complaints similar to those raised by Adams. 
See id.  Like appellant, Wallace complained about a law
changing the number of board members that participated in parole voting
panels.  Id. at 353.  Wallace noted
that, at the time of his conviction, the Texas Code of Criminal Procedure
provided that parole board members and commissioners “may act in panels
comprised of three persons” and that decisions of the panels “shall be by a
majority vote.”  Id. at 353.  Wallace asserted
that, when he became eligible for parole, procedural requirements for parole
under Government Code section 508.046 “were stricter” in that the board was
comprised of eighteen members, “all members of the board” were required to “vote
on the release on parole of the inmate,” and “at least two-thirds of the
members must vote in favor of the release on parole.”  Id.  

Noting that the
provisions in effect in 1981 were “discretionary” and did not create any “pre-existing
right” to release, the Fifth Circuit concluded that statutory changes brought
by the enactment of section 508.046 did “not produce a sufficient risk of
increasing the measure of punishment attached to the covered crimes.”  Id.
at 355 (citation omitted).  The court
explained that “[p]arole
is not a right, but rather only an expectation that may be granted by the
Commission” and that “[t]he Parole Commission determines a prisoner’s
suitability for parole, not his eligibility, for the latter is determined by
the length of one’s sentence.”  Id. 
(citation omitted).  The court stated, “While changes to
parole eligibility could retroactively increase punishment, determinations of
suitability for parole, as determined by an eighteen- or a three-person panel,
are discretionary.”  Id.  The court summarized, “Rules
affecting eligibility for parole may violate the [Ex Post Facto] clause, but
discretionary rules affecting suitability do not.”   Id.  Because the change in board members in
section 508.046 addressed suitability, and not eligibility, for parole, the
court rejected the appellant’s Ex Post Facto challenge.  Id.
at 355–56.[11]

Here, we recognize that Adams’s Ex Post Facto complaint is
slightly different than that presented in Wallace
because the amendments to section 508.046 that are being applied to Adams
provide for a seven member board.   The
Fifth Circuit Court of Appeals, applying the reasoning of Wallace, has already rejected challenges brought by inmates
concerning the retroactive application of the amended version of section
508.046 requiring a two-thirds majority of a seven board member to approve parole.  Clark
v. Owens, 371 Fed. Appx. 553, 554–55 (5th Cir. 2010); see also Nelson v. Pardons and Parole
Chairman, 358 Fed. Appx. 600, 601 (5th Cir. 2010) (stating that appellant’s
“ex post facto claim is similarly frivolous, as he has not shown that the
retroactive application of the complained of parole procedures will result in a
longer period of incarceration than those procedures in effect on the date he
committed the offense”); Goodrich v.
Livingston, 294 Fed. Appx. 985 (5th Cir. 2008) (stating that “Parole Board did not violate the Ex
Post Facto Clause by applying section 508.046 to [the appellant] because it did
not alter the definition of the crime for which he was convicted nor increase
his punishment”).  

We conclude, consistent with these recent cases from the
Fifth Circuit, that the reasoning set forth in Wallace applies to bar Adams’s complaint because a change in the
number of board members addresses suitability, and not eligibility, for parole.
 There is nothing in the record to
support Adams’s complaint that the statutory changes being applied to him have increased
the punishment attached to his conviction. 
Accordingly, we hold that the trial court did not err in dismissing
Adams’s Ex Post Facto claim as frivolous.      

We overrule Adams’s second and third issues.

Redress by Grievance

          In his fourth issue, Adams argues that
he “raised a valid constitutional claim” of being denied “the right of redress
by grievance” and that “at no time in the appellees’ Chapter 14 Motion, nor in
the trial court’s Findings of Fact and Conclusions of Law was [his] claim ever
addressed.”  Adams’s appellate briefing
on this issue is limited to a single paragraph, and Adams provides no factual
discussion to explain his assertion of how he has been denied “the right of
redress.” Thus, he has waived this issue for review.  See
Tex. R. App. P. 38.1(h).  Moreover, the record before us establishes
that the trial court addressed, and rejected, the only section 1983 claim
before it—the Ex Post Facto claim.     

          We overrule Adams’s fourth issue.

Conclusion

          We affirm the order of the trial
court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel
consists of Justices Jennings, Alcala, and Sharp.











[1]           Adams represents himself on appeal.

 





[2]           Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (Vernon 2002).

 





[3]           Appellant also named Linda Garcia as a
defendant in the trial court, but he did not serve her and she is not a party
to this appeal.  

 





[4]
           See
42 U.S.C. § 1983.

 





[5]           See
Tex. Gov’t Code Ann. § 508.046
(Vernon Supp. 2010).

 





[6]           U.S.
Const. art. I, § 10, cl. 1.





[7]
          As explained below, Adams
contends that, although at one time the board size increased to eighteen
members, there are now seven board members. 
It is undisputed that the two-thirds voting requirement has remain
unchanged.





[8]
          Although Adams contends that he
is being subjected to the “Extraordinary Vote” provision in section 508.046, he
states in his petition that, in 2007, three parole members voted on his “parole
consideration review,” and all three voted to deny him parole and to “set-off”
his review for an additional three years. 






[9]
          In support of its findings, the trial court cited Portley v. Grossman, 444 U.S. 1311, 100 S.Ct. 714 (1980); Wallace v. Quarterman, 516 F.3d 351 (5th
Cir. 2008); and Nabelek v. Garrett,
No. 14-01-00764-CV, 2003 WL 21710243 (Tex. App.—Houston [14th Dist.] July 24, 2003,
pet. denied) (mem. op.).





[10]
        See also Nabelek v. Garrett, No. 14-01-00764-CV, 2003 WL 21710243, at *2
(Tex. App.—Houston [14th Dist.] July 24, 2003, pet. denied) (mem. op.)
(explaining that “not every retroactive change in parole procedures that
creates a risk of affecting an inmate’s term of confinement is prohibited by
the ex post facto clause” and that “the controlling inquiry is whether the
retroactive application creates a sufficient risk of increasing the length of
punishment, as contrasted from only a speculative and attenuated possibility of
doing so”).





[11]         See also Nabelek, 2003 WL 21710243, at
*2 (stating that “application of section 508.046 does not alter any of the
determinants of parole timing or eligibility, but only how many board members
will participate in the decision,” and, thus, it presents only “speculative and
attenuated possibility of increasing punishment”).