# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2011

No. 10-41160
Summary Calendar

Lyle W. Cayce
Clerk

PHILIP J. POHL,

Plaintiff-Appellant

v.

RICK C. THALER; ELIZABETH E. COKER; TIMOTHY C. SIMMONS; KATHY
E. CLIFTON, Clerk; PATRICK DICKENS, Captain of Correctional Officers;
MARK W. DUFF; HAROLD C. HASTY; KENNETH E. HUTTO; RICHARD D.
MCKEE; LINDA S. MARTIN; CECIL E. MCCARTHY; OFILIA S. OLIVANY,
Administrative Assistant Mail Room Supervisor; CHARLES E. ROBERTS,
Subordinate of Harold Hasty and Timothy Simmons; WARREN WORTHY;
ALLEN ZOND,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-77

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Philip J. Pohl, Texas prisoner # 408856, proceeding pro se, moves this
court for authorization to proceed in forma pauperis (IFP) in an appeal of the
district court's judgment dismissing his 42 U.S.C. § 1983 complaint as frivolous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and for failure to state a claim upon which relief may be granted. In his original complaint, Pohl raised a plethora of claims against the defendants. In his brief before this court, Pohl reasserts his claims against some of the named defendants. He contends that he was denied blood pressure medication and treatment by Allen Zond. He reasserts his contention that Kathy E. Clifton mishandled his prison account by taking more money than allowed for court filings. He further contends that Linda S. Martin blocked the prison grievance procedure and that he was denied access to the courts. Pohl also argues that Judge Elizabeth E. Coker ignored the "abuse of wards in her jurisdiction." Pohl further reasserts his allegation that his legal mail was opened outside his presence and that "[t]he food issues are constitutional right to be treated 'equally.'" He then concludes his brief by stating that "[m]ost other arguments against dismissal are in the Objections to the Spears' Hearing and Objections to Magistrates Report and Recommendation."

A district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a). The appellant may challenge the district court's certification decision by filing in this court a motion for leave to proceed IFP. *Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5). The motion, however, "must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202. By moving for leave to proceed IFP, Pohl is challenging the district court's certification the appeal is not taken in good faith. *See id.*

Pohl's generalized claims are conclusory and insufficient to establish a constitutional violation. He does not challenge the district court's determination that the claims against Allen Zond are untimely and that those involving Judge Elizabeth E. Coker are barred by the immunity doctrine. He further does not sufficiently challenge the district court's determination that the claims against Kathy E. Clifton are subject to dismissal because the Texas court system

provides an adequate state post-deprivation remedy. Also, Pohl still does not show how he suffered any harm with regard to his access to court claims. His attempt to incorporate by reference his objections filed in the district court is an insufficient means of raising his arguments in this court. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Even under a liberal interpretation, the appellate brief is unsatisfactory. This court "will not raise and discuss legal issues that [Pohl] has failed to assert." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Pohl's failure to identify any error in the district court's legal analysis or the application of the law to the lawsuit "is the same as if he had not appealed that judgment." *Id.*

Pohl has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). His IFP motion is therefore denied, and his appeal is dismissed. *See Baugh*, 117 F.3d at 202 & n.24. Pohl is advised that the district court's dismissal of his complaint and this court's dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Pohl has already accumulated two strikes under § 1915(g) in *Pohl v. Livingston*, No. 06-40850 (5th Cir. July 10, 2007) (unpublished). Pohl has now accumulated four strikes. Pohl is advised that he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTION BAR IMPOSED.